1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

| UNITED STATES OF AMERICA, | CASE NO. 10cr459 WQH |
|---|---|

12

Plaintiff,        ORDER

vs.

13

JOSE OSCAR RENDEROS,

14

Defendant.

15
16

HAYES, Judge:

17

The matters before the Court are following motions filed by the Defendant Jose Oscar

18

Renderos: 1) the motion to dismiss a charge of Count 1 of the insufficient allegations,

19

vagueness and duplicity (ECF No. 10);  2) the motion to suppress statements (ECF No. 13);

20

and 3) the motion to dismiss Count 1 of the indictment based on invalid removal (ECF No. 20).

21

## BACKGROUND FACTS

22

On January 11, 1985, Defendant entered the United States by walking through the hills

23

near Tijuana, Mexico.

24

On November 17, 1987, Defendant filed a Request for Asylum in the United States.

25

The Request for Asylum bears a stamp indicating "EMPLOYMENT AUTHORIZED" and

26

does not indicate any action granting or denying the application.  ECF No. 20-2, Exhibit B.

27

Sometime prior to November 20, 1990, Defendant was granted temporary resident

28

status as a special agricultural worker pursuant to section 210 of the Immigration and

1  Nationality Act .  ECF No. 30-1 at 2.

2  On November 20, 1990, Defendant was notified by the Immigration and Naturalization

3  Service that his claim of eligibility as a seasonal agricultural worker "can not be considered

4  credible" and that he had "30 days from the date of the notice to submit evidence to overcome

5  the above grounds of ineligibility."  *Id.*   On May 21, 1991, Defendant was notified that his

6  "status as a temporary resident under Section 210(a)(2)(B) of the Act [was ordered] terminated

7  pursuant to Section 210(b)(3)(B) of the Act.  Defendant was notified that he was entitled to

8  appeal the decision "within 30 days of this notice... If a timely appeal is not submitted, this

9  decision is final and your Form I-688, Temporary Resident Card, shall be deemed void and

10  must be surrendered without delay to an immigration officer."  ECF No. 30-3.

11  On June 24, 1991, Defendant submitted an appeal from the Notice of Termination.  ECF

12  No. 30-4.

13  On June 20, 1995, Defendant was notified by the Immigration and Naturalization

14  Service that his "Form I-90 Application by Lawful Permanent Resident for New Alien

15  Registration Receipt Card" was denied on the grounds that he was "not eligible for an Alien

16  Registration Receipt Card because you were never lawfully admitted as a permanent resident

17  and you are not an alien whose status was automatically converted to permanent resident."

18  ECF No. 22, Exhibit A.

19  On December 17, 1996, Defendant was notified that his appeal from the Notice of

20  Termination sent to him on May 21, 1991 was dismissed on the grounds that it was untimely

21  filed and that "[t]his decision constitutes a final notice of ineligibility."  ECF No. 30-5 at 3.

22  In 2000, Defendant filed an application for suspension of deportation pursuant to the

23  Nicaraguan Adjustment and Central American Relief Act (NACARA).  This application was

24  never approved.

25  Defendant's criminal history includes the following convictions: 1) on March 5, 2001,

26  Defendant was convicted in the Superior Court of San Joaquin County, California of taking

27  a vehicle without consent in violation of California Vehicle Code Section 10851(a) and

28  burglary in violation of California Penal Code section 459;  2) on June 27, 2007, Defendant

was convicted of driving under the influence in Riverside County, California; 3) on January 24, 2008, Defendant was convicted of receipt of stolen property, in violation of California Penal Code Section 469(a) and taking a vehicle without consent in violation of California Vehicle Code Section 10851(a), in Los Angeles County, California; and 4) on October 20, 2008, Defendant was convicted of taking a vehicle without consent in violation of California Vehicle Code Section 10851(a) and grand theft in violation of California Penal Code section 487(a)in Orange County, California.

On April 24, 2008, the Immigration and Naturalization Service issued a Notice to Appear to the Defendant stating that the Immigration and Naturalization Service has determined that he is inadmissible to the United States under the Immigration and Naturalization Act and subject to removal in that: "You are an alien present in the United States who was not admitted or paroled." ECF No. 20-2, Ex. C-1. In the Notice to Appear the Immigration Service "allege[d] that: 1) You are not a citizen or national of the United States. 2) You are a native of EL SALVADOR and a citizen of EL SALVADOR; 3) You entered the United States at or near SAN YSIDRO, CA on or about January 11, 1985; and 4) You were not then admitted or paroled after inspection by an Immigration Officer." *Id.*

After the completion of his state sentence, Defendant was transferred to immigration custody.

On July 29, 2009, Defendant appeared before an Immigration Judge for deportation proceedings. At the hearing, the Immigration Judge noted that there had been a prior appearance of counsel and the Immigration Judge informed the Defendant that he would continue the hearing for the appearance of counsel if he wished. The Immigration Judge advised the Defendant of the seriousness of the proceedings, and confirmed that the Defendant wanted to proceed without an attorney. Defendant stated if he could get bond, he would continue and contest removal but if not, he would represent himself and be deported. The Immigration Judge informed the Defendant that he did not know if the defendant was eligible for bond and confirmed that the defendant wanted to conduct the hearing without an attorney and represent himself. The Immigration Judge informed the Defendant that he would conduct

1    a bond hearing, conducted a bond hearing off the record, and issued an order denying the

2    request for change in custody status.

3       Defendant admitted that he was a citizen of El Salvador; that he came into the United

4    States in January 1985 without inspection by immigration officials; and that he had prior

5    convictions on January 24, 2008 for receiving stolen property, and on October 20, 2008 for

6    taking a vehicle and grand theft.  The Immigration Judge advised the Defendant of his right

7    to seek relief under asylum and the Convention Against Torture.  The Immigration Judge

8    informed the Defendant that these grounds for relief would require a continuance, further

9    hearings, and the further development of the record.  Defendant stated: "I really don't want to

10    be in jail one more day.  I just want to be deported immediately, and for my rights as a

11    Salvadoran citizen to be respected so I can go back to my country." ECF No. 26-1 at 14.

12       Based upon the Defendant's admissions, the Immigration Judge found the defendant

13    was removeable as charged, that the defendant had been convicted of an aggravated felony,

14    and that he was not entitled to voluntary departure.  The Immigration Judge asked the

15    Defendant if he wanted to file an application to remain in the United States or proceed with his

16    asylum application.  Defendant stated "No because I'm not going to do it from inside." *Id.* at

17    13.  The Immigration Judge declared the NACARA application withdrawn.  The Immigration

18    Judge advised of the right of appeal and defendant waived appeal.  Defendant was ordered

19    deported.

20       On December 16, 2009 at 4:50 p.m., Defendant was contacted by border patrol officer

21    in the pedestrian lane at primary inspection at the San Ysidro Port of Entry.  Defendant

22    presented a visa and related documents for entry in the United Sates.  The primary officer

23    noticed discrepancies and referred the Defendant to secondary inspection.  At secondary

24    inspection, the Defendant was patted down by the primary inspector and asked biographical

25    questions, including name, date of birth, citizenship, height, and weight. Another border patrol

26    officer took Defendant's fingerprints, and conducted a search of Defendant's criminal and

27    immigration history.

28       At approximately 10:50 p.m., border patrol officers read the Defendant his *Miranda*

1    rights.  Defendant agreed to waive his  which to waive his *Miranda* rights and admitted that

2    he is a citizen of El Salvador, that he was previously removed from the United States, and that

3    he had not applied for permission to re-enter the country legally.  Defendant was arrested.

4          On February 12, 2010, the grand jury returned an indictment charging the Defendant

5    in Count 1 with intentionally attempting to enter the United States after having been deported

6    in violation of 8 U.S.C. § 1326(a) and (b); and in Count 2 with knowingly using a counterfeit

7    United States visa in order to gain admission into the United States in violation of 18 U.S.C.

8    § 1546(a).

9          On October 14, 2010, this Court held an evidentiary hearing at which testimony and

10   exhibits were received into evidence.

11   1) **motion to dismiss a charge of Count 1 for vagueness and duplicity**

12         Defendant moves the Court to dismiss Count 1 on the grounds that the indictment fails

13   to identify which subsection of 8 U.S.C. § 1326(b) he is accused of violating, and that the

14   additions of Section 1326 (b)(3) and Section 1326 (b) (4) create separate criminal offenses.

15   Defendant asserts that the charge in the indictment that he violated "Sections 1326(a) and (b)"

16   charges two or more offenses in a single count.   The Government asserts that the indictment

17   need not include a specific reference to the subsections of Section 1326(b) because this section

18   of the statute is a sentencing factor and does not constitute a separate substantive offense.

19         An indictment is a "plain, concise, and definite written statement of the essential facts

20   constituting the offense charged." Fed.R.Crim.P. 7(c)(1).  A legally sufficient indictment must

21   state the elements of the offense charged with sufficient clarity to apprise a defendant of the

22   charge against which he must defend and to enable him to plead double jeopardy.  *See United*

23   *States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985).  An indictment which tracks the words of

24   the statute charging the offense is sufficient so long as the words unambiguously set forth all

25   elements necessary to constitute the offense.  *See Hamling v. United States*, 418 U.S. 87, 117

26   (1974).  "The test of sufficiency of the indictment is not whether it could have been framed in

27   a more satisfactory manner, but whether it conforms to minimal constitutional standards."

28   *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quotation and citation omitted).

8 U.S.C. Section 1326 provides in part as follows:

(a) In general
Subject to subsection (b) of this section, any alien who--
(1) has been .... deported ... and thereafter
(2) enters, attempts to enter, or is at any time found in, the United States, [without the Attorney General's consent or the legal equivalent] shall be fined under Title 18, or imprisoned not more than 2 years, or both.
(b) Criminal penalties for reentry of certain removed aliens
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection--
(1) whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony), such alien shall be fined under Title 18, imprisoned not more than 10 years, or both;
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both;
(3) who has been excluded from the United States pursuant to section 1225(c) of this title because the alien was excludable under section 1182(a)(3)(B) of this title or who has been removed from the United States pursuant to the provisions of subchapter V of this chapter, and who thereafter, without the permission of the Attorney General, enters the United States, or attempts to do so, shall be fined under Title 18 and imprisoned for a period of 10 years, which sentence shall not run concurrently with any other sentence. or
(4) who was removed from the United States pursuant to section 1231(a)(4)(B) of this title who thereafter, without the permission of the Attorney General, enters, attempts to enter, or is at any time found in, the United States (unless the Attorney General has expressly consented to such alien's reentry) shall be fined under Title 18, imprisoned for not more than 10 years, or both.

8 U.S.C. § 1326 (1996 ed.).

In *Almendarez-Torres v. United States*, 523 U.S. 224 (1997), the United States Supreme Court concluded that "Congress intended to set forth a sentencing factor in subsection (b)(2) and not a separate offense." *Id.* at 235. In this case, the indictment tracks the language of Section 1326(a) and makes reference to the criminal penalties provided in Section 1326(b). There is no requirement that the indictment state a specific subsection of Section 1326(b) because Section 1326(b) does not constitute a separate offense. *See id.* The Court concludes that Count 1 of the indictment states the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy and charges only one offense.

Defendant's motion to dismiss the indictment for vagueness and duplicity is denied.

**2) the motion to suppress statements**

Defendant moves to suppress any statements made to border patrol officers on the

10cr459 WQH

grounds that the *Miranda* warnings were ineffective.  Defendant asserts that he was informed that he had "the right to speak to an attorney so that he advises you before <u>some</u> questions...". ECF No. 13-1 at 6.  Defendant asserts that he was never advised which questions triggered the right to an attorney and which questions did not.  Defendant further asserts that the post warnings and his statements must be excluded on the grounds that the border patrol officers used a two-step interrogation and the midstream *Miranda* warnings were objectively ineffective to apprise him of his rights.

The Government contends that Defendant's post-arrest statements were voluntarily made after a knowing and intelligent waiver.  The Government asserts the Defendant was properly  advised that "You have the right to consult with an attorney before making any statement or answering any questions."  The Government further asserts that the biographical questions asked at secondary inspection did not require *Miranda* warnings and do not form the basis for a two-step interrogation process.

At the evidentiary hearing, the Chief Interpreter for the United States Attorney's Office testified that the Defendant was advised in the Spanish language that he had the right to speak with an attorney so that he can advise you "before we ask you any question" and to have him present with you during the questioning; and that an attorney can be provided to him "before we ask any questions" if he does not have the money to employ an attorney.  The Court finds this testimony credible.  The Court concludes that the *Miranda* warnings were adequate and that the transcript of the Defendant's interview shows that the Defendant knowingly and voluntarily waived his *Miranda* rights.

The Court further finds that the limited biographical questions asked of the Defendant in secondary prior to his interview by border patrol agents did not taint the statements made by the Defendant after proper *Miranda* warnings.  The routine biographical questions at secondary were asked for record-keeping purposes only and were not designed to elicit incriminating admissions.  *See Pennsylvania v. Muniz*, 496 U.S. 582, 602 (1990) (routine booking questions fall outside of *Miranda*).  There is no evidence in this case that the border patrol officers engaged in improper tactics designed to undermine *Miranda* warnings.  *See*

1     *Missouri v. Seibert*, 542 U.S. 600, 617 (2004) (circumstances "challenging the

2     comprehensibility and efficacy of the *Miranda* warnings to the point that a reasonable person

3     in the suspect's shoes would not have understood them to convey a message that she retained

4     a choice about continuing to talk").

5          Defendant motion to suppress statements is denied.

6     **3) <u>Motion to dismiss the Indictment</u>**

7          **D**efendant moves to dismiss Count 1 of the Indictment for invalid deportation on the

8     grounds that 1) the Notice to Appear did not state a basis for removal because he was in the

9     country with permission; 2) the Immigration Judge failed to advise him of forms of relief from

10    removal at his immigration hearing; and 3) the Immigration Judge incorrectly informed him

11    that he was subject to mandatory detention at his removal hearing.

12         "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth

13    Amendment requires a meaningful opportunity for judicial review of the underlying

14    deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *cert.*

15    *denied* 525 U.S. 849 (1998).  A defendant charged with illegal reentry under 8 U.S.C. §1326

16    has a Fifth Amendment right to collaterally attack his removal order because the removal order

17    serves as a predicate element of his conviction.  *United States v. Mendoza-Lopez*, 481 U.S.

18    828, 837-38 (1987) ("Our cases establish that where a determination made in an administrative

19    proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there

20    must be some meaningful review of the administrative proceedings.").

21         In order to sustain a collateral attack under §1326(d), a defendant must, within

22    constitutional limitations, demonstrate (1) that he exhausted all administrative remedies

23    available to him to appeal his removal order, (2) that the underlying removal proceedings at

24    which the order was issued improperly deprived him of the opportunity for judicial review, and

25    (3) that the entry of the order was fundamentally unfair.  8 U.S.C § 1326(d).  An underlying

26    removal order is fundamentally unfair if: 1) an alien's due process rights were violated by

27    defects in the underlying proceedings, and 2) he suffered prejudice as a result of the defects.

28    *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004); *United States v.*

*Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006).

Defendant contends that the charges stated in the Notice to Appear were not a basis for removal.  Defendant contends that the "charging document alleged that the defendant was inadmissible, even though he was in the United States with permission." ECF No. 20-1 at 7. Defendant relies upon a notation on the top of his Request for Asylum which states "EMPLOYMENT AUTHORIZED".  ECF No. 20-2.  Defendant states that he "filed his asylum application on or about November 15, 1987.  The defendant was inspected by an immigration officer, the application was entertained and still pending at the time of the removal proceeding, employment was authorized, and residence permitted."  ECF No. 31 at 3.

The Government contends that the Defendant entered United States without inspection, never received asylum, and never adjusted his status.  The Government contends that the Notice to Appear correctly charged that the Defendant was an alien present in the United States who has not been admitted or paroled.

There is no evidence in this record that the Defendant "was in the United States with permission." ECF No. 20-1 at 7.  The Notice to Appear correctly charged that the Defendant was an alien present in the United States who has not been admitted or paroled.

The Immigration Judge correctly concluded that the mandatory detention provisions under 8 U.S.C. § 1226(c) applied to the Defendant at the removal hearing.  See *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) (prior conviction for receipt of stolen property in violation of California Penal Code Section 496(a) is a categorical aggravated felony); *Rastabadi v. Immigration and Naturalization Service*, 23 F.3d 1562, 1568 (9th Cir. 1994) (prior conviction for grand theft in violation of California Penal Code Section 487(a) is a crime of moral turpitude).

The Immigration Judge advised the Defendant of his right to seek relief under asylum and the Convention Against Torture.  The Immigration Judge informed the Defendant that these grounds for relief would require a continuance, further hearings and the further development of the record.  Defendant stated: "I really don't want to be in jail one more day. I just want to be deported immediately, and for my rights as a Salvadoran citizen to be

respected so I can go back to my country." ECF No. 26-1 at 14.

Based upon the Defendant's admissions, the Immigration Judge found the Defendant was removeable as charged, that the Defendant had been convicted of an aggravated felony, and that the Defendant was not entitled to voluntary departure.  The Immigration Judge asked the Defendant if he wanted to file an application to remain in the United States or proceed with his asylum application.  Defendant stated: "No because I'm not going to do it from inside." ECF No. 26-1 at 13.  The Immigration Judge declared the NACARA application withdrawn and advised the Defendant of his right of appeal.  Defendant knowingly and voluntarily waived his right to an appeal.  The Court concludes that the Defendant has no grounds to attack his deportation.

Defendant's motion to dismiss Count 1 of the indictment based on invalid removal is denied.

## CONCLUSION

IT IS HEREBY ORDERED that 1) the motion to dismiss a charge of Count 1 of the insufficient allegations, vagueness and duplicity (ECF No. 10) is denied; 2) the motion to suppress statements (ECF No. 13) is denied; and 3) the motion to dismiss Count 1 of the indictment based on invalid removal (ECF No. 20) is denied.

DATED:  October 28, 2010

William Q. Hayes

**WILLIAM Q. HAYES**
United States District Judge

10cr459 WQH